95 N.J. Super. 595 (1967)
232 A.2d 184
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PABLO ALVARADO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1967.
Decided July 3, 1967.
*596 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Robert J. Jerome argued the cause for appellant.
Mr. George Franconero, Assistant Prosecutor of Essex County, argued the cause for respondent (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney; Mr. Richard B. McGlynn, of counsel).
PER CURIAM.
Defendant was convicted in the municipal court of simple assault and battery, N.J.S. 2A:170-26, and sentenced to a term of nine months in the Essex County Penitentiary. He appealed to the Essex County Court where a trial de novo was held and he was again found guilty. The County Court judge imposed a penitentiary sentence of six months. Sentencing took place on June 27, 1966.
On August 22, 1966 defendant filed a motion for a reduction of sentence returnable August 26, 1966 upon the authority of R.R. 3:7-13, which in pertinent part provides:
"The court may reduce or change a sentence by order entered not later than 60 days from the date of the judgment of conviction."
At the time the motion was filed defendant's attorney was advised by the office of the county clerk that the trial and sentencing judge was on vacation, and would not be available until September 12, but that the motion would be carried by the assignment judge until the judge returned to duty. The matter was continued by the assignment judge until September 16. On that date defendant's attorney appeared before the sentencing judge in support of the motion. The judge ruled that the provisions of R.R. 3:7-13, viz., that *597 an order for reduction of sentence be entered not later than 60 days of the date of judgment, deprived him of jurisdiction; and further that he was without authority to enlarge the time for hearing the matter because of the restrictions of R.R. 1:27B(c) which specifically prohibits the enlargement of time by the court or the parties "for taking any action" under R.R. 3:7-13, supra, and under certain other rules.
On this appeal defendant contends: (1) the court erred in its ruling as above set out, and (2) the court erred in imposing sentence in the absence of a presentence report from the probation authorities.
We regard defendant's first point as well taken. While the rule literally requires the order for relief to be "entered" not later than 60 days from sentence, we take this as evincing a directory intent in relation to the judge but not a jurisdictional bar as against an applicant for relief who has filed his motion well within the 60-day period specified. It is not reasonable to impute to the rule an intent to proffer to a defendant a means for obtaining sentencing relief with one hand and to deprive him of its benefit with the other on the unjust basis of another's failure to comply with a time directive. In so holding, however, we point out that the directory policy of the rule is a strong one and that the bench should be at pains to comply with it punctiliously. Compare the present language of the rule with the following wording before the amendment effected in December 1963: "The court may reduce or change a sentence within 60 days from the date of the judgment of conviction."
We need not on this appeal decide whether a presentence probation report is mandatory under R.R. 3:7-10(b) in every case of sentence de novo by a County Court on an appeal from a conviction for disorderly conduct in a municipal court. But before a defendant is sentenced by a County Court to be incarcerated for as much as six months a probation report is clearly indicated, and we direct that such a report be obtained and considered by the sentencing judge *598 on the remand. Cf. State v. Culver, 40 N.J. Super. 427 (App. Div. 1956), affirmed and modified, 23 N.J. 495 (1957), certiorari denied 354 U.S. 925, 77 S.Ct. 1387, 1 L.Ed.2d 1441 (1957) and Culver v. Goodman, 359 U.S. 975, 79 S.Ct. 884, 3 L.Ed.2d 842 (1959).
Reversed.
FOLEY, J.A.D. (dissenting).
I am unable to agree with the majority that R.R. 3:7-13, requiring an order for relief to be "entered" by the trial judge not later than 60 days from sentence, is directory rather than mandatory. The provision that the order be entered within 60 days of judgment was not adopted by accident. Plainly, it was designed to tighten the rule in the specific particular that theretofore it had merely provided that the "court may reduce or change a sentence within 60 days of the date of judgment of conviction," which liberally construed might, and probably did, lead to a practice of a judge reserving decision upon an application made within 60 days and deciding it at his convenience, during which time a defendant might be completely at liberty. Furthermore, R.R. 1:27B(c) specifically provides that neither the court nor the parties may enlarge the period for taking any action under R.R. 3:7-13. Whether the built-in mandate of R.R. 3:7-13 and further restriction as to enlargement of time set out in R.R. 1:27B(c) are provident or improvident is not for this intermediate appellate court to say. They are a fact in the life of judicial administration and have the force of law. In my judgment, all courts of jurisdiction inferior to that of the Supreme Court must find themselves completely bound by what the Supreme Court has explicitly provided in the exercise of its rule-making power.
However, I would reverse and remand for an entirely different reason. While the case originated in the municipal court, when the appeal was taken defendant received a trial de novo in accordance with the rules. It then became a matter governed by the rules of criminal practice for the *599 Superior and County Courts. R.R. 3:7-10(b) specifically provides that the "probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation." This was not done in this case where the County Court judge imposed a penitentiary sentence. The importance of the strict adherence to this rule is highlighted in State v. Culver, 40 N.J. Super. 427, 431-432 (App. Div. 1956), affirmed and modified, 23 N.J. 495 (1957), certiorari denied 354 U.S. 925, 77 S.Ct. 1387 (1957) and, Culver v. Goodman, 359 U.S. 975, 79 S.Ct. 884, 3 L.Ed.2d 842 (1959), in which Judge (now Justice) Francis said:
"The rule which calls for the presentence report is a mandate of the highest order. Note the report to the Supreme Court of the Committee on Improvement of Sentencing and Probation Procedures, 75 N.J.L.J. 329, 333 (Sept. 1952). While it cannot be characterized as a jurisdictional prerequisite to a valid sentence, its importance to the proper administration of criminal justice is so great that in proper cases the sentence may be vacated and a remand granted in order to secure compliance.
It must be kept in mind that the case will be rare indeed in which a prisoner can show prejudice stemming from disregard of the rule. Realization of this fact and of the important social purpose to be served by the presentence investigation, ought to stimulate an unswerving adherence to the practice."
While the court in the Culver case had before it a conviction upon an indictment, neither the decision therein, nor the rule itself, makes any distinction between indictable and nonindictable offenses tried in the County Court. It is proper that no such distinction be made when the offense committed permits of a custodial or probationary sentence, either of which in varying degrees deprives a defendant of his liberty. Upon the authority of Culver I would vacate the sentence and remand for resentence after presentence investigation and report.