STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
PABLO ALVARADO, DEFENDANT-RESPONDENT.

Argued February 19, 1968—Decided April 1, 1968.

*Mr. James R. Zazzali,* Assistant Prosecutor, argued the
cause for appellant (*Mr. Richard B. McGlynn,* Assistant
Prosecutor, of counsel and on the brief; *Mr. Brendan T.
Byrne,* Essex County Prosecutor, attorney).

*Mr. Robert J. Jerome* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. Defendant applied for resentence within the 60-day period specified in *R. R.* 3 :7–13. His application was denied because the trial court was unable to dispose of the matter within that time limitation. The Appellate Division reversed the order. *State v. Alvarado, 95 N. J. Super.* 595 (1967). One judge of that court having dissented, this appeal to us was prosecuted as of right. *R. R.* 1 :2–1(b).

 We affirm for the reasons given in the majority opinion but add that when, as here, the offense is below the grade of crime, it rests in the discretion of the court, be it the municipal court or the County Court on a trial *de novo,* to decide whether to call for a presentence report. See *R. R.* 8 :7–8(a). The mandated requirement for a presentence report, *R. R.* 3 :7–10(b), applies to crimes, and does so whether the prosecution is in the Superior or County Court or is in the municipal court on a waiver and request to be tried in that court under *N. J. S. A.* 2A :8–22. See *R. R.* 3 :1–1 and 3 :1–3.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL and SCHETTINO—5.

*For reversal* — None.