203 N.J. Super. 518 (1985)
497 A.2d 552
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERTO ORTIZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted August 13, 1985.
Decided August 19, 1985.
*520 Before Judges SIMPSON and GAYNOR.
Thomas S. Smith, Acting Public Defender, attorney for appellant (John H. Fitzgerald, Assistant Deputy Public Defender, of counsel and on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Linda K. Calloway, Deputy Attorney General, of counsel and on the letter-brief).
The opinion of the court was delivered by SIMPSON, P.J.A.D.
Defendant appeals from his conviction by a jury of first degree robbery (N.J.S.A. 2C:15-1), second degree burglary (N.J.S.A. 2C:18-2) and third degree unlawful possession of a rifle without first having obtained a firearms purchaser identification card (N.J.S.A. 2C:39-5.c.(1)), and his sentences of imprisonment that aggregated 20 years with 10 years of parole ineligibility. Although a motion for a new trial was made in accordance with R. 2:10-1 and denied, it is not disputed on this appeal that there was sufficient evidence for the jury to find defendant guilty of all three crimes beyond a reasonable doubt. The evidence of guilt was overwhelming. On July 10, 1981 defendant and Jose Velez entered the victim Torrence Wheatley's apartment without authorization and robbed Wheatley of money, marijuana, a radio, a television and a wristwatch. Defendant was "pushing" a rifle at the victim when he ordered Wheatley to lie face-down on the floor. The victim recognized both robbers from the neighborhood, although he did not then know their names. The next day Wheatley reported the crimes to the police and picked out defendant's photograph from about 800 photos he viewed in four albums. At that time Wheatley could not identify Velez, and Velez' photo was not in the albums. About a month later the victim saw Velez on the street and called the police. Velez was apprehended and testified for the State against defendant. On appeal, defendant *521 seeks a reversal of his conviction or reduction in his sentence on the following grounds:
POINT I  THE TRIAL COURT IMPERMISSIBLY DENIED THE DEFENSE'S REQUEST FOR A HEARING OUTSIDE THE PRESENCE OF THE JURY CONCERNING IDENTIFICATION PROCEDURES DENYING THE DEFENDANT DUE PROCESS OF LAW IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND IN VIOLATION OF THE NEW JERSEY RULES OF EVIDENCE ...
POINT II  THE DEFENDANT'S SENTENCE IS MANIFESTLY EXCESSIVE AND UNDULY PUNITIVE AND MUST BE REDUCED .. .
We have carefully reviewed the entire record on this appeal and considered the arguments in support of these contentions and have determined that both issues raised are clearly without merit. R. 2:11-3(e)(2). We add the following brief observations as to each numbered point.

I.
Prior to trial, the defendant's request for a Wade[1] hearing was denied. Counsel concedes that such a "fair hearing" is not mandated by the United States Constitution merely upon defendant's demand, Watkins v. Sowders, 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981), and that he was unable to proffer any pretrial evidence that the police procedures directed at identification were impermissibly suggestive. Although defendant did not testify, identification was raised as an issue in the case by the cross-examination of the State's witnesses. The judge fully and properly charged the jury as to the identification issue and there was not exception to the charge. The record after trial is also barren of any evidence of impermissible suggestiveness that might have been tested on a preliminary inquiry as to admissibility, and the strength or credibility of the identification was accordingly for the jury. State v. Farrow, 61 N.J. 434, 451 (1972), cert. denied 410 U.S. 937, 93 S.Ct. 1396, 35 L.Ed.2d 602 (1973).
*522 Defendant's reliance upon Evid.R. 8(1), R. 3:13-1(b), and State v. Cooper, 165 N.J. Super. 57, 65-66 (App.Div. 1979), certif. granted, 81 N.J. 56 (1979), State's appeal dismissed as moot, 81 N.J. 261 (1979) (defendant pleaded guilty), is also misplaced. The evidence and court rules provide that admissibility "may" be determined pretrial or out of the presence of the jury. Although Cooper refers to entitlement to a "preliminary inquiry," the court did not address the question of what threshold showing must be made by defendant before the court must take testimony in a full-blown Wade hearing. In effect, in this case, there was a preliminary inquiry by the judge  but no testimony was required because defendant was unable to proffer "some evidence"[2] of impermissible suggestiveness. We reject the suggestion that the New Jersey Constitution requires, or an inflexible rule should mandate, a full Wade hearing upon request without a threshold showing of some evidence of impermissible suggestiveness in all pre-charge police photographic array identification procedures. We hold that such determination may be made by the trial judge as a matter of discretion under the totality of the circumstances. And under the facts of this case we find that there was no abuse of that discretion by Judge Saunders.

II.
Defendant was sentenced for the armed robbery to 20 years in prison with a 10 year parole disqualifier. He also received a 10 year sentence with 5 years of parole ineligibility for the burglary and a 5 year sentence on the weapons conviction, these terms to run concurrent with the robbery sentence. Although defendant had an extensive record and qualified for *523 an extended term under N.J.S.A. 2C:44-3 as a persistent offender, the trial judge denied the State's motion for such sentencing. The sentences imposed complied with all statutory and court rule requirements and otherwise complied with the procedures, guidelines and principles set forth in State v. Roth, 95 N.J. 334 (1984) and State v. Hodge, 95 N.J. 369 (1984). The sentences, while severe, reflect the trial judge's required inexorable focus upon the offenses, Roth, supra, 95 N.J. at 367, and do not constitute such a clear error of judgment as would shock the judicial conscience and require appellate intervention, id. at 364.
Affirmed.
NOTES
[1] United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).
[2] The suggested threshold, for federal constitutional purposes, advanced by Justice Brennan in his dissent in Watkins v. Sowders, supra, 449 U.S. at 350, 101 S.Ct. at 659, 66 L.Ed.2d at 557. See also, as to frivolous requests for a Wade hearing, United States ex rel. Fisher v. Driber, 546 F.2d 18, 22 (3d Cir.1976).