246 N.J. Super. 137 (1991)
586 A.2d 1332
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARMANDO ALVAREZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1991.
Decided February 14, 1991.
*138 Before Judges KING, R.S. COHEN and STERN.
Mario J. D'Alfonso argued the cause for appellant (Mario J. D'Alfonso on the brief and letter briefs).
Jessica S. Oppenheim, Deputy Attorney General, argued the cause respondent (Robert J. Del Tufo, Attorney General, attorney; *139 Jessica S. Oppenheim of counsel and on the letter brief and supplementary brief).
The opinion of the court was delivered by STERN, J.A.D.
This case requires us to consider the constitutionality of N.J.S.A. 2C:43-6.2 which embodies the so called "escape valve" to the mandatory sentence requirements otherwise embodied in the Graves Act, N.J.S.A. 2C:43-6c. We construe the statute to be constitutional, but remand for further sentencing proceedings consistent with this opinion.

I.
Defendant was convicted of fourth degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count one); fourth degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(f) (count two); third degree possession of a handgun without a permit, N.J.S.A. 2C:39-5(b) (count three), and second degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four). Defendant was sentenced to concurrent sentences aggregating seven years, with three years before parole eligibility being imposed as a result of count four. The three year ineligibility term was prescribed by the Graves Act, N.J.S.A. 2C:43-6c. The sentence was imposed on May 19, 1989, just over one month after the effective date of N.J.S.A. 2C:43-6.2, April 14, 1989. See L. 1989, c. 53.
After imposition of sentence, defendant moved before the Assignment Judge for reconsideration of the sentence pursuant to N.J.S.A. 2C:43-6.2. The prosecutor opposed the application, stating that "[t]he State does not feel that the sentence imposed is such as to thwart the interest of justice." As the prosecutor did not join in the motion or consent to it, we are told that the Assignment Judge declined to entertain the application. On this appeal defendant argues:
POINT I THE COURT ERRED IN FAILING TO CONDUCT A HEARING UPON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OF A WARRANTLESS *140 SEARCH AND IN ADMITTING THE OUT-OF-COURT IDENTIFICATION.
POINT II THE COURT ERRED IN ITS APPLICATION OF THE GRAVES ACT IN THAT THE OPERABILITY AND POSSESSION OF THE FIREARM WAS NOT PROVEN.
POINT III N.J.S.A. 2C:43-6.2 VIOLATES DUE PROCESS AND EQUAL PROTECTION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND NEW JERSEY CONSTITUTION, AS APPLIED BY THE COURT.
POINT IV THE COURT ERRED IN ITS CHARGE TO THE JURY BY DIRECTING A VERDICT.
We find that the claims embodied in Points I, II and IV are clearly without merit and do not warrant further discussion. R. 2:11-3(e)(2). Upon consideration of the matter as originally submitted to us, however, we felt that disposition of Point III also required consideration of the "separation of powers" doctrine and the appropriate remedy to be applied should the statute be found to be unconstitutional. We have the benefit of the parties' supplementary briefs and argument on those subjects.

II.
As defendant was sentenced after the effective date of N.J.S.A. 2C:43-6.2, he should have requested that the sentencing judge refer the matter to the Assignment Judge at the time of sentencing. A motion for reconsideration of a Graves Act sentence as authorized by the statute falls under N.J.S.A. 2C:43-6.3 with respect to a defendant already serving a Graves Act sentence at the time N.J.S.A. 2C:43-6.2 was adopted. Hence, N.J.S.A. 2C:43-6.2 and -6.3 provide an "escape valve" for defendants convicted before and after their effective date.[1] Because this case was briefed and argued under N.J.S.A. 2C:43-6.2 and because the statutes are parallel, we decide the case as presented to us as if a timely request for reference was *141 made under N.J.S.A. 2C:43-6.2.[2]
N.J.S.A. 2C:43-6.2 provides
On a motion by the prosecutor made to the assignment judge that the imposition of a mandatory minimum term of imprisonment under subsection c. of N.J.S. 2C:43-6 for a defendant who has not previously been convicted of an offense under that subsection does not serve the interests of justice, the assignment judge shall place the defendant on probation pursuant to paragraph (2) of subsection b. of N.J.S. 2C:43-2 or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole. The sentencing court may also refer a case of a defendant who has not previously been convicted of an offense under that subsection to the assignment judge, with the approval of the prosecutor, if the sentencing court believes that the interests of justice would not be served by the imposition of a mandatory minimum term. (emphasis added).[3]
We are, of course, obligated to interpret legislation, where possible, to preserve its constitutionality. See e.g. Right to Choose v. Byrne, 91 N.J. 287, 311, 450 A.2d 925 (1982); N.J. Board of Higher Ed. v. Bd. of Directors of Shelton College, 90 *142 N.J. 470, 478, 448 A.2d 988 (1982); State v. De Santis, 65 N.J. 462, 473-474, 323 A.2d 489 (1974); State v. Negron, 118 N.J. Super. 320, 323, 287 A.2d 461 (App.Div. 1972). In that context, it is suggested that, so long as the Assignment Judge maintains the authority to reject the prosecutor's sentence recommendation, there is no separation of powers problem because the Assignment Judge must ultimately determine whether defendant is to be sentenced under the mandatory provisions of the Graves Act or is to be subject to the "escape valve" embodied in N.J.S.A. 2C:43-6.2. Cf. State v. Todd, 238 N.J. Super. 445, 462, 570 A.2d 20 (App.Div. 1990) (holding that the legislature intended "to reserve to the judiciary the power to approve or reject any agreement between the defendant and the State" which implements the N.J.S.A. 2C:35-12 "escape valve" to mandatory sentencing otherwise required by the Comprehensive Drug Reform Act of 1986). However, we do not adopt that course. Independent of the fact that any separation of powers issue is not satisfied exclusively by the Assignment Judge's authority under N.J.S.A. 2C:43-6.2 to make the "in-out" decision (that is the decision as to whether probation or a one-year ineligibility term is to be imposed), the statute does not expressly permit the Assignment Judge to reject the prosecutor's affirmative recommendation. While the second sentence of N.J.S.A. 2C:43-6.2 does not expressly require the Assignment Judge to impose a sentence thereunder when the prosecutor approves the reference of the case to the Assignment Judge by the sentencing court, there is no doubt that the Assignment Judge's obligation upon such reference is no different than his obligation under the first sentence of N.J.S.A. 2C:43-6.2 upon the prosecutor's motion. See State v. Ginty, 243 N.J. Super. 39, 42-43, n. 2, 578 A.2d 400 (App.Div. 1990). Where the prosecutor moves or consents, N.J.S.A. 2C:43-6.2 requires, by virtue of the word "shall", that the Assignment Judge impose a probationary sentence, N.J.S.A. 2C:43-2b, or a sentence with a mandatory ineligibility term of one year. It does not permit the Assignment Judge to impose either of those alternatives or to *143 reject any deviation from the mandatory ineligibility term otherwise required by N.J.S.A. 2C:43-6c.

III.
This case involves a trial and a "post conviction" challenge to the validity of N.J.S.A. 2C:43-6.2. If defendant had entered into a negotiated disposition, there could be no separation of powers concern. The trial judge would have the right and obligation to either accept or reject the recommendation, and, therefore, the ultimate sentencing authority would remain with the court. See State v. Todd, supra.[4] With respect to the separation of powers doctrine, see generally, Worthington v. Fauver, 88 N.J. 183, 206, 440 A.2d 1128 (1982); State v. Leonardis, 73 N.J. 360, 370, 375 A.2d 607 (1977). But the separation of powers issue before us relates to a "post-conviction" attempt to obtain prosecutorial consent and is mixed with the "due process" contention by virtue of the fact that defendant may be treated differently because he exercises his right to jury trial than one who negotiates a disposition by plea with the prosecutor.
We reject the due process concern because the defendant in a non-capital case may be treated differently in this context upon exercising his right to jury trial than one who does not. See State v. Corbitt, 74 N.J. 379, 378 A.2d 235 (1977) (no Fifth, Sixth or Fourteenth Amendment violation because defendant *144 who pled guilty could receive a lesser sentence than one who did not), aff'd sub nom Corbitt v. New Jersey, 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978) (noting difference between capital and non-capital case and propriety of leniency where plea is entered). Such is the case even though under N.J.S.A. 2C:43-6.2 the defendant would not get the same sentence by virtue of an agreement than he must otherwise obtain in the absence of same; see also e.g., Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).
N.J. Const. (1947), Art. III, par. 1, requires that no branch of state government "exercise any of the powers properly belonging to either of the others, except as expressly provided in [the] Constitution." State v. Todd cites several cases for the proposition that the separation of powers doctrine is violated when judicial sentencing authority is subjected to control by the prosecutor. See e.g. People v. Navarro, 7 Cal.3d 248, 102 Cal. Rptr. 137, 144-145, 497 P.2d 481, 488-489 (1972) (post-conviction prosecutorial control over sentencing authority violative of separation of powers); State v. Olson, 325 N.W.2d 13 (Minn. 1982); Brugman v. State, 255 Ga. 407, 339 S.E.2d 244 (1986); State v. Jones, 142 Ariz. 302, 689 P.2d 561 (App. 1984), noted in State v. Todd, supra, 238 N.J. Super. at 452-455, 570 A.2d 20. See also State v. Wagstaff, 161 Ariz. 66, 775 P.2d 1130 (App. 1988). On the other hand, as also noted in Todd, statutes have been upheld against claims that they were unconstitutional under the separation of powers doctrine where the statutes, expressly or by construction, have been interpreted to vest final sentencing authority in the judiciary. See e.g., People v. Eason, 40 N.Y.2d 297, 386 N.Y.S.2d 673, 353 N.E.2d 587 (Ct.App. 1976); State v. Benitez, 395 So.2d 514 (Fla. 1981); Eldridge v. State, 418 So.2d 203 (Ala.Cr.App. 1982); People v. District Court of Second Judicial Dist., 106 Colo. 89, 101 P.2d 26 (1940); United States v. Huerta, 878 F.2d 89, 91-93 (2d Cir.1989) cert. denied ___ U.S. ___, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990), discussed in Todd, supra, 238 N.J. Super. at 455-458, 570 A.2d 20. See also Commonwealth v. Michael, 352 *145 Pa.Super. 345, 507 A.2d 1263 (1986), and Commonwealth v. Cofoni, 349 Pa.Super. 407, 503 A.2d 431, 434 (1986).
We need not revisit the subject again. See State v. Todd, supra; see also State v. Cengiz, 241 N.J. Super. 482, 490-498, 575 A.2d 504 (App.Div. 1990) (Shebell, J.A.D. dissenting in part). "As long as a statute does not take from the courts the final discretion to impose sentence, it does not infringe upon the constitutional division of responsibilities." Eldridge v. State, supra, 418 So.2d at 207 (quoting State v. Benitez, supra, 395 So.2d at 519). Here, the Assignment Judge has not only the ultimate sentence responsibility but is, in fact, given a choice in terms of the sentence which can be imposed. He can impose a probationary sentence pursuant to N.J.S.A. 2C:43-2b(2) or impose a custodial sentence within the authorized range for the offense with a mandatory ineligibility term of one year. But that does not answer the separation of powers argument in its entirety because the Assignment Judge cannot consider either of these alternatives or options without the prosecutor's consent. Nevertheless, we find the statute to be constitutional.
The Legislature may, of course, enact mandatory sentencing statutes such as the Graves Act, see State v. Des Marets, 92 N.J. 62, 80, 455 A.2d 1074 (1983), and as already noted, "... if the challenged statutes reasonably can be construed in a manner which would uphold their constitutional validity we are bound to do so." State v. Todd, supra, 238 N.J. Super. at 461, 570 A.2d 20. The legislative history behind the amendatory legislation with which we deal reflects that the Legislature wanted to establish an "escape valve" for the extraordinary cases where the mandatory three-year ineligibility term was not in the "interests of justice", but wanted to leave to the prosecutor the right to authorize and approve such reduction if he or she believes that the mandatory minimum sentence would "not serve the interests of justice". See N.J.S.A. 2C:43-6.2, first sentence. See also the criteria for a reference to the Assignment Judge when in "the interests of justice" in the second sentence of N.J.S.A. 2C:43-6.2. The requirement that the motion *146 or reference be made when, but only when, required in "the interests of justice" embodies a standard for the avoidance of arbitrary, unreasonable and capricious decision making by the prosecutor. This standard, if properly applied and implemented, poses no constitutional impediment to exercise of the legislative will. See e.g., People v. District Court of Second Judicial Dist., supra, 101 P.2d at 28; People v. Sanders, 185 Colo. 153, 522 P.2d 735, 736-737 (1974). The fact that the recommendation limits judicial discretion with respect to the sanction to be imposed does not control. See People v. Eason, supra, 386 N.Y.S.2d at 674-676, 353 N.E.2d at 588-589. See also State v. Todd, supra, 238 N.J. Super. at 461-62, 570 A.2d 20; Commonwealth v. Cofoni, supra, 503 A.2d at 434.
Our conclusion that the statute is constitutional does not mean that defendant is without any remedy for arbitrary conduct by the prosecutor. See State v. Todd, supra, 238 N.J. Super. at 461-62, 570 A.2d 20. In State v. Cengiz, supra, Judge Shebell, speaking for himself, concluded that "the Legislature intended that the mandatory sentencing provisions of the Drug Reform Act only be applicable if accompanied by valid escape or safety mechanisms to avoid injustice." 241 N.J. Super. at 497, 575 A.2d 504. He found that the provisions of N.J.S.A. 2C:35-12 and -14 were "intended as safety valves to insure that the interests of justice are properly served in special individual cases", but found those provisions unconstitutional unless interpreted "in a manner which will fully protect the court's sentencing authority and a defendant's individual rights and to thereby carry out the legislative prescription of mandatory sentencing." Id. He, therefore, construed the legislation to be constitutional because of the judicial authority to review the prosecutor's decision or refusal to permit a sentence less than the mandatory minimum otherwise required. But in so doing he stated that, pending any statutory amendment, "[a] defendant's request for prosecutorial recommendation or consent should be measured according to the standard set forth in N.J.S.A. 2C:43-6.2, *147 i.e. imposition of the mandatory sentencing provisions of N.J.S.A. 2C:35-7 will not serve the interest of justice." 241 N.J. Super. at 497, 575 A.2d 504. He went further, however, and would also require a procedure whereby a defendant (aggrieved by the prosecutor's failure to make a sentence recommendation other than one otherwise mandatory, or to join in a motion to permit deviation from the requirements of N.J.S.A. 2C:35-12, or to permit a sentence under N.J.S.A. 2C:35-14) "may move before the assignment judge or designated judge of the vicinage for a Leonardis-type hearing as to whether the prosecutor's rejection or refusal is grossly arbitrary or capricious or a patent abuse of discretion." 241 N.J. Super. at 497-498, 575 A.2d 504.[5]See also State v. Leonardis, supra, 73 N.J. at 381-382, 375 A.2d 607; N.J.S.A. 2C:43-12 to -22; N.J.S.A. 2C:43-12f; R. 3:28(f); Guideline 8 to Guidelines for Operation of Pretrial Intervention in New Jersey, supplementing R. 3:28.
We conclude that N.J.S.A. 2C:43-6.2 is constitutional because the Assignment Judge has the ultimate authority to decide whether the prosecutor arbitrarily or unconstitutionally discriminated against a defendant in determining whether the "interests of justice" warrant reference to the Assignment Judge.[6] *148 We do not, however, contemplate a Leonardis review in every case where the prosecutor declines to consent to sentencing consideration by the Assignment Judge. But there is the prospect of discriminatory decisions, and because we construe the statute as imposing a prosecutorial standard, "we cannot imagine that the Legislature meant to oust the courts of the right and opportunity to examine whether such a decision exceeds the permitted `prosecutorial influence on the sentencing determination'." See State v. Todd, supra, 238 N.J. Super. at 461-462, 570 A.2d 20.
This case does not involve a negotiated plea disposition where the court may always inquire into the propriety of the negotiated recommendation. See State v. Warren, 115 N.J. 433, 448, 558 A.2d 1312 (1989); State v. Todd, supra, 238 N.J. Super. at 462, 570 A.2d 20. This case deals with an independent prosecutorial decision relating to whether the prosecutor's office should consent to the post trial sentencing application. Cf. R. 3:21-10(b)(3); State v. Tully, 148 N.J. Super. 558, 565, 372 A.2d 1323 (App.Div. 1977) certif. denied 75 N.J. 9, 379 A.2d 240 (1977). See also N.J.S.A. 2C:44-1c(1). In such circumstances, the defendant may not just challenge the prosecutor's decision in a conclusory manner; he must make a showing of arbitrariness constituting an unconstitutional discrimination or denial of equal protection constituting a "manifest injustice," and should be required to do so by moving papers designed to convince the Assignment Judge that any kind of hearing on the issue is warranted. Cf. R. 3:21-10(c). A hearing would be conducted only if the Assignment Judge "after review of the materials submitted with the motion papers, concludes that a hearing is required in the interests of *149 justice."[7]R. 3:21-10(c). Otherwise, we find no constitutional or other mandate to require hearings every time a defendant purports to be aggrieved by a prosecutorial decision not to consent to sentencing under N.J.S.A. 2C:43-6.2. Cf. State v. Ortiz, 203 N.J. Super. 518, 521-22, 497 A.2d 552 (App.Div. 1985), certif. denied, 102 N.J. 335, 508 A.2d 212 (no right to pretrial identification hearing); R. 3:16; R. 3:22-10. Compare, N.J.S.A. 2C:11-3e expressly providing for proportionality review; State v. Leonardis and Guideline 8 to R. 3:28, supra, regarding pretrial intervention.
The judgment under review and sentences are affirmed without prejudice to any application defendant might make to the Assignment Judge consistent with the foregoing.
NOTES
[1] See and compare, N.J.S.A. 2C:1-1c(2), -1d(2); 2C:35-23c(2).
[2] Defendant's motion was untimely under R. 3:21-10(a). Technically, defendant could not move under N.J.S.A. 2C:43-6.3 because he had not been sentenced before the effective date, and his request under N.J.S.A. 2C:43-6.2 should have been made at sentencing.
[3] N.J.S.A. 2C:43-6.3, regarding resentencing, provides that:

"Any person who, on the effective date of this act, is serving a mandatory minimum sentence as provided for by subsection c. of N.J.S. 2C:43-6, who has not been previously convicted under that subsection, and has not had his sentence suspended or been paroled or discharged, may move to have his sentence reviewed by the assignment judge for the sentencing court. If the prosecutor agrees that the sentence under review does not serve the interest of justice, the judge shall reduce the mandatory minimum term of imprisonment without parole eligibility to one year or place the person on probation pursuant to paragraph (2) of subsection b. of N.J.S. 2C:43-2."
The first sentence of this subsection does not require prosecutorial consent for the application, and the second sentence does not expressly require the prosecutor to approve the reduction. It merely states that "[i]f the prosecutor agrees that the sentence under review does not serve the interests of justice, the judge shall reduce the minimum mandatory term ..." Although the provision does not expressly prohibit the judge from reducing the sentence where the prosecutor voices objection, we must read N.J.S.A. 2C:43-6.3 with N.J.S.A. 2C:43-6.2 to permit reduction only with prosecutorial consent and where that consent is forthcoming, to require an authorized sentence reduction.
[4] The negotiated disposition would, of course, have to be consistent with the Graves Act directive of the Supreme Court. However, consistent with the directive, the required Graves Act sentence could consider the impact of N.J.S.A. 2C:43-6.2. See "Supreme Court Memorandum, April 27, 1981  Plea Bargaining" at the foot of N.J.S.A. 2C:43-6 (West Ed. 1982). We shall presume, for present purposes, that the negotiated disposition could also include a specific recommendation of either the probationary sentence or one year mandatory ineligibility term authorized by N.J.S.A. 2C:43-6.2. We also note that this is not the occasion to discuss the prosecutor's discretion in the charging decision because this case deals with the propriety of sentence after defendant was convicted of the crimes charged.
[5] Traditionally, a declaration of unconstitutionality would require either that the statute be voided, in which event the mandatory requirements of N.J.S.A. 2C:43-6 would remain in full force and effect without a "safety valve", or that the unconstitutional portion giving absolute prosecutorial consent be severed, thereby giving the Assignment Judge discretion to impose one of the alternative sentences embodied in N.J.S.A. 2C:43-6.2. The Leonardis scope of review is a judicial remedy developed to save the constitutionality of a judicial rule, R. 3:28. Given the legislative intent to provide a "safety valve" and the need to construe statutes to save their constitutionality, this approach is understandable, cf. State v. De Santis, supra; compare State v. Funicello, 60 N.J. 60, 286 A.2d 55 (1972), cert. den. New Jersey v. Presha, 408 U.S. 942, 92 S.Ct. 2849, 33 L.Ed.2d 766 (1972).
[6] We distinguish this from an automatic right to review of each prosecutorial decision on a challenge for "patent and gross abuse" of the prosecutor's discretion. See and compare State v. De Marco, 107 N.J. 562, 527 A.2d 417 (1987); State v. Leonardis, 73 N.J. 360, 375 A.2d 607 (1977). See and compare State v. Cengiz, supra, (Shebell, J.A.D., dissenting in part); State v. Todd, supra.
[7] This issue, of course, deals a different hearing than the one required at sentencing itself. See N.J.S.A. 2C:43-6d, 6h; 2C:44-6.