JUSTICE ALBIN
dissenting.
Defendants convicted of Graves Act offenses are subject to mandatory-minimum periods of incarceration. N.J.SA. 2C:43-6(c). Under the Graves Act, the prosecutor is vested with the statutory authority to file a motion with the Assignment Judge to waive the imposition of the mandatory-minimum sentence. N.J.SA. 2C:43-6.2. Prosecutors may not exercise their waiver authority in a way that results in similarly situated defendants receiving disparate sentences. See State v. Alvarez, 246 N.J.Super. 137, 148-49, 586 A.2d 1332 (App. Div. 1991). The adversarial process has a role to play in checking the abuse of prosecutorial discretion and ensuring that waiver decisions do not undermine the goal of uniformity in sentencing, which is the primary objective of the Code of Criminal Justice. That role, however, cannot be fulfilled if the defense is denied relevant discovery.
The majority affords defendants the right to a statement of reasons when the prosecutor denies a Graves Act waiver. Yet, the majority denies defendants the very information necessary to establish discriminatory or unequal treatment — access to the reasons given for the grant or denial of Graves Act waivers in other *376 eases. Granting that minimal discovery right would not cause undue administrative inconvenience, but it would place a check on the potential abuse of the waiver process and promote greater consistency in sentencing.
Because the majority’s denial of this limited discovery right disserves the goals of uniformity in sentencing, I respectfully dissent.
I.
The majority acknowledges that a prosecutor who denies a defendant a waiver from the mandatory sentencing provisions of the Graves Act must provide a statement of reasons explaining that decision. In addition, the ease-specific reasons for the prosecutor’s decision are kept in a centralized file pursuant to an Attorney General Directive. Directive to Ensure Uniform Enforcement of the “Graves Act” 13-14 (Oct. 23, 2008, as corrected Nov. 25, 2008). Each county prosecutor is required to maintain a “separate cumulative file” so that the Attorney General can “ensure the proper and uniform implementation of this Directive.” Id. at 14. This procedure advances the goal of “statewide uniformity in the exercise of prosecutorial discretion in implementing” the Graves Act. Id. at 10.
A defendant can mount a successful challenge to the denial of a waiver from a mandatory Graves Act sentence only if it can be shown that the prosecutor’s decision was arbitrary — that is, the decision amounts to “an unconstitutional discrimination or denial of equal protection constituting a ‘manifest injustice.’ ” Alvarez, supra, 246 N.J.Super. at 148, 586 A.2d 1332. The prosecutor’s separate cumulative file, detailing the case-specific reasons for waiver denials, contains the information that will reveal whether a defendant’s treatment and sentence is so disparate from that of other similarly situated defendants that it constitutes “unconstitutional discrimination or denial of equal protection.” See ibid. Although the Attorney General can audit the separate cumulative file, the defendant — who will suffer the consequences of discriminatory treatment — cannot.
*377 I see no reason why a defendant should not have access to the separate cumulative file (with the redaction of any confidential information) or, at the very least, to the statements of reasons given to the Assignment Judge for granting or denying waivers. The statements of reasons provided to the Assignment Judge are public documents. In our adversarial system, the defendant is not required to trust the prosecutor to protect the defendant’s interests and may insist on verification. Defendants are not expected to rely on the kindness of the prosecutor. Defendants have a right to challenge in a meaningful way a claimed abuse of a waiver decision.
Permitting the discovery of the prosecutor’s statements of reasons for denying Graves Act waivers is consonant with the Code of Criminal Justice. “The dominant, if not paramount, goal of the Code is uniformity in sentencing.” State v. Natale, 184 N.J. 458, 485, 878 A.2d 724 (2005) (quoting State v. Kromphold, 162 N.J. 345, 352, 744 A.2d 640 (2000)). The Code recognizes “that similarly situated defendants [should] not receive dissimilar sentences.” Ibid. Given the broad sentencing discretion granted to prosecutors in Graves Act cases — the discretion to waive the imposition of the mandatory-minimum term of imprisonment pursuant to N.J.S.A. 2C:43-6.2 — the presence of checks becomes all the more important.
Access to statements of reasons given in other Graves Act waiver cases may assure defendants that they have been treated fairly. And, in those instances where they believe they have not, they will have relevant information to press their eases of unequal or discriminatory treatment.
Further, there is no good reason to deny defendants access to statements of reasons filed with the Assignment Judge in other waiver cases, whether those statements are in the prosecutor’s cumulative file or in the judiciary’s hands. Nothing prevents the judiciary from maintaining those statements in a central file so that historical information will be available to prosecutors, defen *378 dants, and assignment judges. I agree with the majority that defendants should not have free rein to forage through files of other cases for irrelevant information, even in light of the broad discovery available in criminal cases. See State v. Hernandez, 225 N.J. 451, 468, 139 A.3d 46 (2016) (“However expansive our discovery rule and jurisprudence may be, they do not sanction rummaging through irrelevant evidence.”). But defendant’s discovery request was directly related to his claim of disparate treatment, and relevance is the key to a defendant’s right to discovery. See State v. Scoles, 214 N.J. 236, 251, 69 A.3d 559 (2013); R. 3:13-3(e). A limited right of discovery to the statements of reasons already memorialized on the issue of waiver is directly relevant and would ensure that justice is dispensed fairly and uniformly.
II.
The right to challenge unconstitutional discrimination or denial of equal protection in Graves Act waiver cases is a hollow right if defendants are denied basic information necessary to assert that right. I therefore respectfully dissent.