**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0198-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT F. BILLARD,

    Defendant-Appellant.

_____

Argued January 10, 2019 – Decided July 26, 2019

Before Judges O'Connor and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-03-0361.

Steven D. Altman argued the cause for appellant (Benedict & Altman, attorneys; Steven D. Altman and Joshua David Altman, on the brief).

Patrick F. Galdieri, II, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Robert F. Billard of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). He was sentenced to a five-year term of imprisonment with a forty-two month period of parole ineligibility. He now appeals from his sentence. We affirm.

Defendant did not provide a copy of the trial transcript, but it is not disputed the following evidence was adduced during the trial. In October 2014, defendant was pulled over while driving in Middlesex because a police officer of the Middlesex Police Department observed him talking on a cell phone. The officer ran a Motor Vehicle Commission check on the vehicle defendant was driving and discovered the plates were registered to a different vehicle. After issuing motor vehicle summonses to him, the officer advised defendant the vehicle he had been driving was going to be impounded.

Defendant called his mother, who agreed to pick him up and take him home. Because his mother was going to be accompanied by his two young nieces and defendant did not want the girls to see him with the police, one of the officers offered to give defendant a ride to the corner of the street. Before getting into the patrol car, the officer advised defendant he would have to be patted down. Defendant agreed and told the officer he did not have any weapons on him.

A-0198-17T2

Upon patting him down, the officer found a .45 caliber semi-automatic pistol in defendant's waistband. The officer took possession of the gun and placed defendant under arrest. The gun was loaded with a live round of ammunition in its chamber and a magazine containing seven additional rounds. Although defendant had a valid firearms-purchaser identification card and a permit to purchase a handgun, he did not have a permit to carry one.

A Middlesex County grand jury indicted defendant on one count of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). As stated, defendant was convicted of this charge and sentenced to a five-year term of imprisonment with a forty-two month period of parole ineligibility.

N.J.S.A. 2C:43-6(c) requires a mandatory term of imprisonment for individuals convicted of various firearm-related crimes, including unlawful possession of a weapon. In pertinent part, N.J.S.A. 2C:43-6(c) states that "[t]he term of imprisonment shall include the imposition of a minimum term" which "shall be fixed at one-half of the sentence imposed by the court or [forty-two] months, whichever is greater . . . ." Ibid. However, there is an "escape valve" to the mandatory sentence requirements. State v. Alvarez, 246 N.J. Super. 137, 139 (App. Div. 1991). This "escape valve" provides that:

> On a motion by the prosecutor made to the assignment
> judge that the imposition of a mandatory minimum

term of imprisonment under [N.J.S.A. 2C:43-6(c)] for a defendant who has not previously been convicted of an offense under that subsection . . . does not serve the interests of justice, the assignment judge shall place the defendant on probation pursuant to paragraph (2) of subsection b. of N.J.S.[A.] 2C:43-2 or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole. The sentencing court may also refer a case of a defendant who has not previously been convicted of an offense under that subsection to the assignment judge, with the approval of the prosecutor, if the sentencing court believes that the interests of justice would not be served by the imposition of a mandatory minimum term.

[N.J.S.A. 2C:43-6.2 (emphasis added).]

Thus, "[t]he relief that section 6.2 affords can arise in two ways: either the prosecutor makes a motion to the assignment judge for a waiver of the mandatory minimum penalty, or the sentencing judge refers the matter to the assignment judge if the prosecutor approves the referral." State v. Benjamin, 228 N.J. 358, 368-69 (2017) (citing N.J.S.A. 2C:43-6.2).

If the prosecutor decides not to approve the use of the "escape valve," a defendant may move "'before the assignment judge or designated judge . . . for a . . . hearing as to whether the prosecutor's rejection or refusal is grossly arbitrary or capricious or a patent abuse of discretion.'" Alvarez, 246 N.J. Super. at 147 (quoting State v. Cengiz, 241 N.J. Super. 482, 497-98 (App. Div. 1990)).

4

A defendant "must make a showing of arbitrariness constituting an unconstitutional discrimination or denial of equal protection constituting a 'manifest injustice,'" and the assignment judge must determine if a hearing is warranted "in the interests of justice." Id. at 148-49.

Here, defendant had not been previously convicted of a firearm- related offense. Just before sentencing, defendant requested but the prosecutor declined to waive the requirement that he serve the mandatory minimum term of imprisonment under N.J.S.A. 2C:43-6(c). Defendant then filed a motion before the sentencing judge requesting he refer the matter to the assignment judge, so that such judge could determine if the prosecutor's refusal to waive the mandatory minimum term of imprisonment was grossly arbitrary or capricious or a patent abuse of discretion.

The sentencing judge denied defendant's motion because, among other reasons, the prosecutor did not consent to him referring the matter to the assignment judge, as required by N.J.S.A. 2C:43-6.2, and the assignment judge had not made the sentencing judge his designee. For reasons not revealed in the record, defendant did not move before the assignment judge to obtain relief from the prosecutor's refusal to waive the mandatory minimum term.

On appeal, defendant argues the following:

A-0198-17T2

POINT I: THE DENIAL OF A POST-TRIAL GRAVES ACT WAIVER CONSTITUTED AN ARBITRARY DECISION AND THE FAILURE TO CONDUCT AN ALVAREZ HEARING REQUIRES A REVERSAL OF THE SENTENCE.

    A. THE STATE'S REJECTION OF THE POST-TRIAL GRAVES ACT WAIVER WAS IMPERMISSIBILY ARBITRARY AND THE REJECTION WAS BASED UPON DEFENDANT'S EXERCISE OF HIS CONSTITUTIONAL RIGHT TO PROCEED TO TRIAL.

    B. ROBERT BILLARD HAS ESTABLISHED THAT THE DENIAL OF THE WAIVER – POST-TRIAL – IS ARBITRARY AND IS ENTITLED TO A HEARING BEFORE THE ASSIGNMENT JUDGE.

POINT II: ROBERT BILLARD WAS DENIED DUE PROCESS AND FUNDAMENTAL FAIRNESS BECAUSE HE WAS FORCED TO STAND TRIAL DESPITE ACCEPTING A PLEA OFFER BUT REASONABLY SEEKING ADDITIONAL TIME TO COMPLY WITH ITS TERMS. (Not Raised Below).

We reject defendant's contentions. He sought relief from the prosecutor's decision to not waive the mandatory minimum term but, instead of filing a motion before the assignment judge, defendant filed one before the sentencing judge, who was without authority to grant the relief defendant sought. See N.J.S.A. 2C:43-6.2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6