**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0533-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CESAR G. LEMUS, a/k/a
CESAR GARCIA-LEMUS,
CESAR GARCIALEMUS,
CESAR GARCIA, CESAR
LEMUS and CESAR GARCIA
LEMOS,

     Defendant-Appellant.

_____

Submitted June 21, 2022 – Decided July 7, 2022

Before Judges Whipple and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 19-11-0741.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Joseph M. Nielsen, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Cesar Lemus appeals from an October 9, 2020 judgment of conviction after a plea of guilty to second-degree possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1). He asks us to reverse the court's denial of his motion to overrule the State's rejection of his petition for a Graves Act waiver pursuant to N.J.S.A. 2C:43-6.2, "which embodies the so called 'escape valve' to the mandatory sentence requirements otherwise embodied in the Graves Act," N.J.S.A. 2C:43-6(c). State v. Alvarez, 246 N.J. Super. 137, 139 (App. Div. 1991). We affirm for the reasons stated in Judge Regina Caulfield's well-reasoned eighteen-page written decision.

Defendant raises one issue on appeal:

> THIS COURT SHOULD REVERSE THE ARBITRARY AND DISPARATE DENIAL OF DEFENDANT'S N.J.S.A. 2C:43-6.2 APPLICATION FOR A WAIVER OF A 3.5-YEAR MINIMUM PRISON SENTENCE.

On November 19, 2019, defendant was charged with possessing a revolver without a permit for an unlawful purpose, N.J.S.A. 2C:39-5(b)(1) and N.J.S.A. 2C:39-4(a)(1). Defendant grew up in Honduras, where, he says, as a child, the

2

gangs kidnapped him, threatened and tortured him, and cut off his finger. He fled Honduras at age fifteen and made the dangerous journey to the United States as an unaccompanied minor. Defendant was diagnosed in 2018 with post-traumatic stress disorder.

On August 17, 2019, when defendant was nineteen years old, he had a verbal dispute with a man outside of a laundromat in Elizabeth. Defendant displayed a handgun, asked whether the man had a problem, and then walked away. Defendant later said in his recorded statement that he believed the man was in a gang. The man called the police. One officer attempted to block defendant's path in an unmarked car, and another chased defendant on foot. Officers yelled at him to stop. During the chase, defendant reached into his waistband and dropped a weapon. One of the officers fired a shot at defendant but missed. Defendant was arrested. The discarded weapon was loaded. Defendant later gave a recorded statement in which he said that a friend was going to teach him to fire it in a park.

After being charged, defendant asked the Union County Prosecutor for a Graves waiver, which was denied. On March 31, 2020, the prosecutor provided a written explanation setting forth the reasons for the denial. Defendant sought reconsideration of the denial and provided additional mitigating information to

the prosecutor. On April 9, 2020, the prosecutor denied defendant's request for reconsideration after reviewing the supplemental information.

Defendant filed an Alvarez[1] motion to appeal the denial of his request for a Graves waiver. In support of his motion, defendant cited to six additional Union County cases where a Graves waiver was granted in an attempt to illustrate that the State treated other similarly situated defendants differently in granting their waivers. Further, defendant argued the State failed to properly consider all relevant mitigating information.

On July 22, 2020, Judge Caulfield issued a written decision and order denying defendant's motion. Defendant subsequently pled guilty and the court sentenced defendant to a five-year prison term with a three-and-a-half-year parole disqualifier pursuant to the Graves Act. This appeal followed.

The Graves Act requires a mandatory term of imprisonment for individuals convicted of various firearm-related crimes. It specifically requires that "[t]he term of imprisonment shall include the imposition of a minimum term" which "shall be fixed at one-half of the sentence imposed by the court or [forty-two] months, whichever is greater. . . ." N.J.S.A. 2C:43-6(c). The Graves Act, however, contains

---

[1] Alvarez, 246 N.J. Super. at 139.

an "'escape valve' to the mandatory sentence requirements . . . ." Alvarez, 246 N.J. Super. at 139.

This "escape valve" provides:

> On a motion by the prosecutor made to the [A]ssignment [J]udge that the imposition of a mandatory minimum term of imprisonment under [the Graves Act] for a defendant who has not previously been convicted of an offense under [the Graves Act], . . . does not serve the interests of justice, the [A]ssignment [J]udge shall place the defendant on probation . . . or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole. The sentencing court may also refer a case of a defendant who has not previously been convicted of an offense under that subsection to the [A]ssignment [J]udge, with the approval of the prosecutor, if the sentencing court believes that the interests of justice would not be served by the imposition of a mandatory minimum term.

> [N.J.S.A. 2C:43-6.2.]

"[W]ritten guidelines exist to channel prosecutorial discretion" in evaluating waiver applications. State v. Benjamin, 228 N.J. 358, 372 (2017). The guidelines, outlined in the Office of the Attorney General, Directive to Ensure Uniform Enforcement of the "Graves Act" (Oct. 23, 2008, as corrected Nov. 25, 2008), instruct prosecutors "contemplating a waiver to 'consider all relevant circumstances concerning the offense conduct and the offender,' such as applicable aggravating and mitigating circumstances under N.J.S.A. 2C:44-1. . . ." Id. at 369. Should the

prosecutor decide not to approve the waiver, a defendant may move "before the [A]ssignment [J]udge or designated judge . . . for a . . . hearing as to whether the prosecutor's rejection or refusal is grossly arbitrary or capricious or a patent abuse of discretion." Alvarez, 246 N.J. Super. at 147 (quoting State v. Cengiz, 241 N.J. Super. 482, 497-98 (App. Div. 1990)). A defendant "must make a showing of arbitrariness constituting an unconstitutional discrimination or denial of equal protection constituting a 'manifest injustice,'" and the Assignment Judge must determine if a hearing is warranted "in the interests of justice." Id. at 148-49 (citation and internal quotation marks omitted).

Here, the trial court properly found that the State acted reasonably in denying defendant a Graves waiver. Defendant was in possession of a loaded handgun, which by his own admission he was planning on shooting off that night in a public park. Defendant was intoxicated at the time he possessed the firearm and displayed the weapon to the man at the laundromat in a threatening manner. Defendant brandished the handgun while he fled from police and which caused an officer to fire in self-defense.

The trial judge thoroughly reviewed the reasons for denial given by the prosecutor and found the decision was sound and a proper exercise of prosecutorial discretion. In reviewing the six other Union County cases where

Graves waivers were granted to highlight alleged disparity in an attempt to illustrate an abuse of discretion on behalf of the State, the trial court found defendant's case was unlike the others. Specifically, after a review of defendant's case, the court determined that the flashing of a gun to a civilian, the subsequent pursuit by police, and defendant's discarding of a loaded firearm in a residential neighborhood made this case unlike any other cited by defendant.

To the extent we have not addressed defendant's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION