902 A.2d 364

STATE OF NEW JERSEY, IN THE INTEREST OF T.A.

Superior Court of New Jersey
Appellate Division

Submitted January 24, 2006—Decided July 27, 2006.

Before Judges KESTIN, R.B. COLEMAN, and SELTZER.

*Yvonne Smith Segars,* Public Defender, attorney for appellant T.A. (*Susan Brody,* Assistant Deputy Public Defender, of counsel and on the brief).

*Vincent P. Sarubbi,* Camden County Prosecutor, attorney for respondent State of New Jersey (*Laurel A. Singer,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

KESTIN, P.J.A.D.

T.A., a juvenile, appeals from an adjudication of delinquency on two charges that, if committed by an adult, would have been for third-degree aggravated assault, *N.J.S.A.* 2C:12–1b. The charges alleged assault by a group of juveniles, including T.A., upon two victims. The State presented the testimony of both victims at trial, as well as that of a police officer who had been dispatched to deal with "a fight involving some juveniles." Defendant testified, denying any involvement in the fight and stating that he had observed it from across the street.

After evaluating the credibility of the witnesses, the trial judge, on October 27, 2004, found T.A. guilty as a principal actor regarding one of the assaults charged, and guilty as an accomplice in respect of the other. The judge specifically found that the victim whom T.A. had attacked directly had suffered a significant bodily injury. Counsel and the court set a disposition date for November 3, 2004, but the actual disposition occurred on November 5, 2004.

For the assault in which T.A. had, himself, been involved, the court committed the juvenile to the New Jersey Training School for Boys for an indeterminate term not to exceed two years; and, on the other count, the court committed the juvenile for a consecutive indeterminate term not to exceed one year. In the commitment order, the judge "recommend[ed] a fields program on committed status."

On appeal, T.A. argues that that the evidence was inadequate to support a finding that the one victim had suffered a significant bodily injury; that the trial court erred in disposing of the matter without a pre-disposition report, which T.A. had not waived; and that the court misapplied its discretion in imposing consecutive terms for the two offenses.

Our review of the record discloses that the trial court's findings, including those of significant bodily injury, are well-supported by substantial credible evidence in the record, and are therefore binding on appeal. *State v. Locurto*, 157 *N.J.* 463, 472–75, 724 *A.*2d 234 (1999); *Cesare v. Cesare*, 154 *N.J.* 394, 411–13, 713 *A.*2d 390 (1998). This issue is without sufficient merit to warrant discussion in a written opinion. *R.* 2:11–3(e)(2).

We agree with the juvenile that, absent an express waiver, a pre-disposition report is required as a prerequisite to a delinquency disposition, and that the trial court should not have proceeded in this matter without one. *R.* 5:24–2; *see also N.J.S.A.* 2A:4A–42; *cf. N.J.S.A.* 2C:44–6; *State v. Roth*, 95 *N.J.* 334, 357, 471 *A.*2d 370 (1984); *State v. Alvarado*, 51 *N.J.* 375, 376, 240 *A.*2d 677 (1968); *State v. Reed*, 211 *N.J.Super.* 177, 184–85, 511 *A.*2d 680 (App.Div.1986). Even though the juvenile lodged no objection to the deficient procedure on the day of disposition or before, he did not specifically waive the preparation of a pre-disposition report. Counsel's full agreement at the conclusion of trial to a disposition date the following week, usually an inadequate lead-time for the preparation of a pre-disposition report, was no substitute for a waiver. The State argues that the error in proceeding without a pre-disposition report was harmless because, as the trial judge indicated, the juvenile had previously been adjudicated delinquent on four separate, serious charges within a two-and-a-half-year time period, in respect of which pre-disposition reports had been prepared; and he was well-known to the court. These are also inadequate bases for ignoring this mandatory element of juvenile dispositions. At the very least, updates of previously prepared pre-disposition reports are required. If the

juvenile remains committed on the order involved in this appeal, the trial court must review and reconsider the matter with the benefit of an appropriately updated pre-disposition report.

■ Finally, subject to additional insights to be gained from the pre-disposition report, we discern no misapplication of discretion in the trial court's imposition of consecutive terms of confinement for the two distinct offenses that were committed against separate victims. *See State v. Yarbough,* 100 *N.J.* 627, 643–44, 498 *A.*2d 1239 (1985), *cert. denied,* 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986).

We affirm the adjudications of delinquency and the treatment of them as distinct offenses subject to consecutive dispositions. We remand for the trial court's reconsideration of the dispositions with the benefit of a pre-disposition report.