**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4615-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VAUGHN L. SIMMONS, a/k/a
JONES, and MICHAEL SIMMON,

    Defendant-Appellant.

_____

Submitted May 19, 2020 – Decided June 25, 2020

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 10-06-1539 and 10-06-1540.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong Vinh Dao, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Hannah Faye Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an order entered by the Law Division on March 11, 2019, which denied his petition for post-conviction relief (PCR). We affirm.

I.

Defendant was charged in Indictment No 10-06-1539 with two counts of first-degree robbery, N.J.S.A. 2C:15-1 (counts one and five); two counts of aggravated assault, N.J.S.A. 2C:12-1(b)(4) (counts two and six); two counts of unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (counts three and seven); and two counts of possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts four and eight). Defendant also was charged in Indictment No. 10-06-1540 with two counts of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (counts one and two).

The charges were severed for trial. The court conducted a bifurcated trial on charges in counts one through four of Indictment No. 10-06-1539, and count one of Indictment No. 10-06-1540, which arose out of a robbery of a Family Dollar store in Newark.

At the first trial, the State presented evidence showing that on December 3, 2009, an African-American male entered the store, complained that the lines

were too long, and left soon thereafter.  Later that day, at around 5:30 p.m., F.M., the store's manager, noticed that the individual who entered the store earlier had returned and was attempting to take one of the cash registers.[1]  R.H., the store's security guard, attempted to stop the man from taking the register.  During the struggle, they fell to the floor.  F.M. activated the store's "panic button" alarm.

When F.M. turned around, he saw that the perpetrator had gotten up and was pointing a handgun at him.  F.M. turned again and the man fled the store with the register.  It contained $125 in cash.  F.M. called 9-1-1 and provided a description of the perpetrator.  He reported that the robber was a male, about five feet and seven to eight inches in height, who weighed about 140 to 150 pounds.

That same day, F.M. went to the police station and provided a statement. The following day, F.M. gave the police a DVD with copies of recorded "still" frames of footage from the store's security camera.  He said the dates on the video were incorrect because the camera had been installed recently and it had not been updated.

---

[1] We use initials to identify certain individuals, to protect their privacy.

Several weeks later, an officer showed F.M. an array of photos for the purpose of identifying the person who committed the robbery. The officer told F.M. he did not need to select a photo, since the perpetrator's picture might not be in the array. F.M. positively identified defendant as the person who robbed the store and pointed the gun at him.

On the day of the robbery, R.H. also provided the police with a description of the perpetrator. She described the robber as an African American male, who was about five feet, nine inches tall, and weighed about 150 pounds. R.H. said the man had braided hair and was wearing a short-sleeved shirt, a vest, and a Yankees cap.

The police also showed R.H. a photo array. She was not able to identify the person who robbed the store. However, sometime later, R.H. identified defendant as the perpetrator, after another officer showed her a different photo array. At trial, R.H. identified defendant as the man who robbed the store.

A.J. was working as a cashier in the store on the day of the robbery. She initially told the police the perpetrator was about five feet, nine inches tall, and weighed 150 pounds. However, she later told the police the robber was about five feet, seven inches tall, and weighed around 165 pounds.

A-4615-18T1

T.R. was in the Family Dollar store at the time of the robbery. She told the police the perpetrator was an African American male, age twenty-five to thirty, about five feet, nine inches tall, and weighed 180 pounds. She said the robber had been wearing a Yankees cap and grey sweater. T.R. was, however, unable to identify the robber from a photo array that included defendant's photo.

Defendant testified that he was not in the store when the robbery occurred. He said he picked up his wife from work that day around 5:00 p.m. However, on cross-examination, defendant admitted he called his wife at around 5:52 p.m. He also said he was not the person shown in the surveillance footage because, before the robbery, he had four facial surgeries to treat an infection

Defendant stated that the surgeries left his face "droopy" and "uncontrollable." He also stated that on the date of the robbery, he weighed 130 pounds. On cross-examination, defendant acknowledged he did not have any medical records to support his claimed medical conditions. He also admitted he had five prior felony convictions.

The jury found defendant guilty on counts one to four of Indictment No. 10-06-1539, in which he was charged with robbery, aggravated assault, unlawful possession of a handgun, and possession of a weapon for an unlawful purpose. Thereafter, in a separate trial on the charges in Indictment No. 10-06-1540, the

jury found defendant guilty of possession of a weapon by a person previously convicted of a felony.

On Indictment No. 10-06-1539, the judge sentenced defendant to an aggregate term of twenty years of incarceration and required that he serve eighty-five percent of that sentence before becoming eligible for parole, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. On Indictment No. 10-06-1540, the judge sentenced defendant to a ten-year prison term, with five years of parole ineligibility, and ordered that the sentence be served consecutively to the sentence on Indictment No. 10-06-1539.

## II.

Defendant appealed from the judgments of conviction dated February 3, 2012. He raised the following arguments:

> POINT I
> THE STATE ENGAGED IN PROSECUTORIAL MISCONDUCT BY IMPERMISSIBLY SHIFTING THE BURDEN OF PROOF TO THE DEFENSE. (Not Raised Below).
>
> POINT II
> THE INSTRUCTION AND REPEATED REFERENCE TO UNSANITIZED DETAILS OF [DEFENDANT'S] PRIOR CONVICTION TO PROVE THE CERTAIN PERSON[S] OFFENSE DEPRIVED HIM OF HIS RIGHT TO A FAIR TRIAL. (Not Raised Below).

6

POINT III
THE SENTENCE IS MANIFESTLY EXCESSIVE AND UNDULY PUNITIVE

A. The Sentences Imposed Were Not Offense-Oriented, as Required by State v. Roth [95 N.J. 334 (1984)] and State v. Hodge [95 N.J. 369 (1984)].

B. The Sentencing Court Erred in Imposing a Consecutive Sentence on the Certain Person[s] Offense.

In addition, defendant filed a supplemental pro se brief in which he argued:

[POINT] I
THE TRIAL COURT ERRED AT THE CLOSE OF TRIAL [BY] ALLOWING THE STATE TO INTRODUCE INTO EVIDENCE AN ADDITIONAL CD FOR THE JURY'S DELIBERATIONS THAT THE DEFENSE DID NOT GET A CHANCE TO EXAMINE IN VIOLATION OF DEFENDANT[']S RIGHT TO A FAIR TRIAL.

[POINT] II
THE PROSECUTOR COMMITTED MISCONDUCT BY MAKING IMPROPER PREJUDICIAL AND UNTRUTHFUL STATEMENTS AND REFERRING TO EVIDENCE THAT CIRCUMVENTED THE TRIAL JUDGE[']S ORDER SEVERING COUNTS OF THE INDICTMENT.

[A.] [The] Prosecutor Attacked Credibility with Untruthfulness.

[B.] [The] Prosecutor Read a Statement From a Non-Testifying Witness.

7

[C.] The One Question The Jury Asked.


[POINT] III
THE PROSECUTOR COMMITTED MISCONDUCT BY SUPPRESSING EVIDENCE FAVORABLE TO THE DEFENSE AND PRESENTING THE JURY WITH UNTRUTHFUL EVIDENCE IN VIOLATION OF DEFENDANT[']S RIGHT TO DUE PROCESS.

[A.] [The] Prosecutor Resorted to Improper Courtroom Antics.

[POINT] IV
THE TRIAL COURT ERRED [BY] DENYING DEFENDANT[']S MOTION FOR AN EVIDENTIARY HEARING TO EXCLUDE AN ALTERED AND PREJUDICIAL CD IN VIOLATION OF [DEFENDANT'S] RIGHT TO DUE PROCESS AND FUNDAMENTAL FAIRNESS.

A. Were [t]he Surveillance Stills Altered or Fabricated[?]

B. The Trial Court Erred [i]n Omitting [t]he Incident Report [f]rom [t]he Jury's Deliberations.

C. Did This Evidence Find [Its] Way [i]nto [t]he Courtroom [a]nd Deprive Defendant of [a] Fair Trial[?]

[POINT] V
THE TRIAL COURT, TRIAL COUNSEL AND PROSECUTOR VIOLATED DEFENDANT[']S STATE CONSTITUTIONAL RIGHT [UNDER]

8

A-4615-18T1

ARTICLE 1, PARAGRAPH [1] IN NOT HOLDING A WADE[2] HEARING AS REQUESTED.

[A.] [The] Jury Should [h]ave Been Given [a] Tailored Charge.

In addition, defendant asserted a claim of ineffective assistance of counsel, for the purpose of preserving the same for post-conviction relief (PCR). He alleged.

TRIAL COUNSEL[']S FAILURE TO PRESENT DEFENDANT[']S ALIBI WITNESS, REQUEST AN EVIDENTIARY HEARING, INVESTIGATE EXCULPATORY EVIDENCE, [AND] OBJECT TO IMPROPER COURT ROOM GESTURES DEPRIVED DEFENDANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO EFFECTIVE REPRESENTATION.

We affirmed defendant's conviction and the sentences imposed but remanded the matter to the trial court for reconsideration of the decision to impose a consecutive sentence on Indictment No. 10-06-1540. State v. Simmons, No. A-4938-12 (App. Div. Feb. 11, 2016) (slip op. at 22). The Supreme Court denied defendant's petition for certification. State v. Simmons, 226 N.J. 213 (2015).

---

[2] United States v. Wade, 388 U.S. 218 (1967).

The trial court again imposed consecutive sentences and defendant appealed. We again remanded the matter to the trial court to undertake the appropriate analysis for the imposition of the consecutive sentence. State v. Simmons, No. A-5166-15 (App. Div. May 3, 2017). In March 2018, the trial court provided its reasons for consecutive sentences.

III.

Thereafter, defendant filed a pro se petition for PCR in the Law Division, alleging that he was denied the effective assistance of trial counsel. He claimed his attorney: had an actual conflict of interest which adversely affected his ability to provide constitutionally-adequate representation; failed to review the discovery that showed someone else committed the robbery; failed to present an alibi witness; did not file a motion to suppress the surveillance footage on the ground that it was altered or fabricated; and failed to adequately cross-examine certain witnesses. Defendant requested an evidentiary hearing on the petition.

The trial court appointed counsel to represent defendant, and defendant's attorney filed a brief in support of the petition. In addition, counsel presented the court with a certification by defendant and an affidavit from G.L., who stated she was present for defendant's trial but had not been called to testify. She

asserted that on the date of the robbery, defendant had picked her up from work and they did not stop at the store.

The PCR court heard oral argument and placed an oral decision on the record. The judge found defendant had not presented a prima facie case of ineffective assistance of counsel and an evidentiary hearing was not required. The judge entered an order dated March 11, 2019, denying PCR. This appeal followed.

On appeal, defendant raises the following arguments:

> POINT I
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM TRIAL COUNSEL.
>
> [A.] [TRIAL COUNSEL FAILED TO CALL G.L. AS AN ALIBI WITNESS].
>
> [B.] [TRIAL COUNSEL FAILED TO REQUEST A WADE HEARING IN LIGHT OF DIFFERENT DESCRIPTIONS OF THE ASSAILANT BY DIFFERENT WITNESSES].
>
> POINT II
> THE TRIAL COUNSEL'S CUMULATIVE ERRORS DENIED [DEFENDANT] A FAIR AND RELIABLE TRIAL.
>
> POINT III
> DEFENDANT'S PETITION [FOR] POST-CONVICTION RELIEF CLAIM IS NOT PROCEDURALLY BARRED.

Defendant has filed a pro se supplemental brief in which he raises the following additional arguments:

> POINT I:
> DEFENDANT SUFFERED PREJUDICE DUE TO TRIAL COUNSEL['S] CONFLICT OF INTEREST BECAUSE COUNSEL FAILED TO FILE A MOTION TO DISMISS INDICTMENT [NO.] 10-6-1540 WHICH WAS NOT BROUGHT BEFORE THE GRAND JURY NOR WAS THERE EVIDENCE TO SUSTAIN THE CONVICTION.
>
> POINT II:
> THE REMAND COURT ERRED IN UPHOLDING THE ORIGINAL SENTENCING COURT['S] CONSECUTIVE SENTENCE FROM THE CERTAIN PERSONS OFFENSE BECAUSE THE APPELLATE COURT REVERSED THE LOWER COURT[']S CONSECUTIVE SENTENCE NOT ONCE BUT TWICE FOR FAILURE TO ADHERE TO THE FACTORS IN STATE V. YARBOUGH, [100 N.J. 627] (1985) AND STATE V. MILLER, [108 N.J. 112] (1987).
>
> POINT III:
> TRIAL COUNSEL'S FAILURE TO PRESENT DEFENDANT[']S ALIBI WITNESS DEPRIVED DEFENDANT OF HIS STATE AND FEDERAL RIGHT TO THE COMPULSORY PROCESS TO PRESENT WITNESS[ES] IN HIS DEFENSE.
>
> POINT IV:
> TRIAL COUNSEL VIOLATED DEFENDANT[']S STATE AND FEDERAL RIGHTS TO EFFECTIVE ASSISTAN[CE] OF COUNSEL BECAUSE COUNSEL FAILED TO SIFT THROUGH

12

DISCOVERY WHICH CONTAINED EVIDENCE THAT SOMEONE OTHER THAN DEFENDANT COMMITTED THE OFFENSE IN VIOLATION OF UNITED STATES CONSTITUTION AMENDMENT VI AND NEW JERSEY CONSTITUTION ART. I, PAR. X.

POINT V:
BASED ON NEWLY DISCOVERED EVIDENCE[,] TRIAL COUNSEL WAS INEFFECTIVE AND VIOLATED DEFENDANT[']S CONSTITUTIONAL RIGHT TO DUE PROCESS IN FAILING TO FILE A MOTION TO SUPPRESS THE ALTERED AND FABRICATED SURVEILLANCE FOOTAGE THAT WAS PLACED BEFORE THE JURY.

POINT V:
THE [PCR] COURT FAILED TO REMAIN IMPARTIAL AND GRANT AN EVIDENTIARY HEARING.

POINT VI:
[PCR] COUNSEL WAS INEFFECTIVE AND NOT FUNCTIONING AS COUNSEL GUARANTEED [UNDER] THE SIXTH AMENDMENT WHEN SHE DID NOT ARGUE FOR AN EVIDENTIARY HEARING.

IV.

As noted, defendant contends he received ineffective assistance of trial counsel because his attorney failed to call G.L. as an alibi witness and request a Wade hearing to challenge the identifications of certain witnesses. Defendant

13                                                                    A-4615-18T1

argues that the PCR court erred by failing to conduct an evidentiary hearing on these claims. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. Strickland, 466 U.S. at 687.

To satisfy the first prong of the Strickland test, a defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. A deficient performance means that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

To establish the second prong of the Strickland test, the defendant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Furthermore, an evidentiary hearing is required on a PCR petition only if the defendant presents a prima facie case in support of PCR, the court determines there are material issues of dispute fact that cannot be resolved based on the existing record, and the court determines that an evidentiary hearing is necessary to resolve the claims for relief. R. 3:22-10(b). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)).

A. G.L.'s Testimony.

Defendant contends his attorney was deficient in failing to call G.L. to testify on his behalf. At the time of the robbery, G.L. was either defendant's wife or fiancée. Defendant asserts G.L. was present and willing to testify at trial. In the affidavit submitted in support of the PCR petition, G.L. stated that on the date of the robbery, she returned to work after recovering from surgery. She said defendant picked her up from work and they did not stop at the store.

On appeal, defendant argues that his trial attorney erred by failing to call G.L. as a witness at trial. He contends that her testimony would have supported his assertion that he was not the person who robbed the Family Dollar store.

The PCR judge correctly found, however, that defendant failed to establish his trial counsel was ineffective because counsel did not call G.L. to testify at trial. The judge observed that G.L. stated she had been in court during the trial but she did not come forward with her alleged alibi evidence until about two and one-half years after the trial.

Moreover, G.L. would have not supported defendant's claim that he could not have been the person who robbed the store. As stated previously, defendant testified that on the day of the robbery, he picked up G.L. from work at 5:00 p.m. However, on cross-examination, defendant admitted he called G.L. that day at 5:52 p.m.

Furthermore, in her affidavit, G.L. stated that defendant picked her up at 5:50 p.m. and they did not stop at the Family Dollar store. G.L.'s testimony would not have provided defendant with an alibi for the robbery that occurred at 5:30 p.m. Defendant's attorney reasonably chose not to present G.L. as a witness for the defense.

B. Wade Hearing.

Defendant argues that he was denied the effective assistance of counsel because his attorney did not request a Wade hearing to challenge the out-of-court identifications. As noted, several persons identified defendant as the

A-4615-18T1

individual who robbed the Family Dollar store. He contends the PCR court erred by finding that counsel did not err by failing to request the hearing because there was no basis for such a request.

A court conducts a <u>Wade</u> hearing "to determine the admissibility of the out-of-court identifications." <u>State v. Micelli</u>, 215 N.J. 284, 288 (2013) (citing <u>State v. Ortiz</u>, 203 N.J. Super. 518, 522 (App. Div. 1985)). At a <u>Wade</u> hearing, the defendant bears the initial burden of "demonstrating by a preponderance of the evidence that the pretrial identification procedure was so suggestive as to result in a substantial likelihood of misidentification." <u>State v. Santoro</u>, 229 N.J. 501, 504 (App. Div. 1990).

Challenges to convictions based on out-of-court identifications are reviewed under the two-step analysis set forth in <u>State v. Madison</u>, 109 N.J. 223, 233 (1988). <u>State v. Little</u>, 296 N.J. 573, 579 (App. Div. 1997).

> [A] court must first decide whether the procedure in question was in fact impermissibly suggestive. If the court does find the procedure impermissibly suggestive, it must then decide whether the objectionable procedure resulted in a "very substantial likelihood of irreparable misidentification." In carrying out the second part of the analysis, the court will focus on the reliability of the identification. If the court finds that the identification is reliable despite the impermissibly suggestive nature of the procedure, the identification may be admitted into evidence.

"Reliability is the linchpin in determining the admissibility of identification testimony . . . ."

[Madison, 109 N.J. at 232-33 (internal citations omitted) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968); Manson v. Braithwaite, 432 U.S. 98, 114 (1977)).]

"[T]he reliability determination is to be made from the totality of the circumstances adduced in the particular case." Id. at 239. The court should consider the "opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the time of the confrontation and the time between the crime and the confrontation." Id. at 239-40 (quoting Manson, 432 U.S. at 114).

In this matter, the trial court found that a Wade hearing was not required. The court stated that he had reviewed the material pertaining to the identifications and did not "see anything suggestive whatsoever." The court noted that the police had employed identification procedures that complied with the applicable Attorney General guidelines.

The PCR court determined that trial counsel did not err by failing to seek a Wade hearing. The judge found there was no basis for defendant's allegation that the identification process used to obtain R.H.'s identification was unduly

suggestive, or that a police officer had directed R.H. to select and sign defendant's photograph.

On appeal, defendant argues that a <u>Wade</u> hearing was required because witnesses to the robbery had given different descriptions of the perpetrator. However, defendant did not establish that the identifications were the result of any impermissible suggestiveness on the part of the police.

Defendant also contends a <u>Wade</u> hearing was required because at the time of the robbery, he was allegedly recovering from facial surgeries, which purportedly affected his appearance. However, as noted previously, at trial, defendant conceded that he did not have any medical records to support this claim.

In addition, defendant argues we should apply the principles enunciated in <u>State v. Henderson</u>, 208 N.J. 208, 288-89 (2011), in determining if his attorney was deficient in failing to challenge the out-of-court identifications. However, in <u>Henderson</u>, the Court held that the new framework only applies prospectively. <u>Id.</u> at 220. Moreover, even if <u>Henderson</u> were applied, the result here would be the same.

Under <u>Henderson</u>, a defendant who seeks a pretrial hearing to challenge an out-of-court identification "has the initial burden of showing <u>some</u> evidence

of suggestiveness that could lead to a mistaken identification." Id. at 289. Here, defendant presented no evidence of suggestiveness on the part of law enforcement in obtaining the identifications.

V.

Defendant has raised several additional arguments in support of his contention that the PCR court erred by denying relief. He contends he was denied the effective assistance of counsel because his attorney did not file a motion to suppress the surveillance footage on the ground that it had been altered or fabricated. There is, however, no evidence that the footage was altered or fabricated.

Defendant also contends his attorney was deficient because he did not object to the admission of a criminal-incident report. Defendant contends the report should not have been admitted because the report states the person who committed the robbery was wearing a black cap, but it did not state that the cap was a "Yankee cap." The contention is meritless. The purported discrepancy would not have been a valid basis to object to the introduction of this evidence.

Defendant further argues that: he was denied the effective assistance of counsel because his attorney allegedly had a conflict of interest that precluded him from providing adequate representation; his attorney erred by failing to file

a motion to dismiss the indictment; the State fabricated the indictment on the certain persons charge; his attorney's cumulative errors denied him of a fair trial; and the PCR judge lacked impartiality. These contentions lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

In addition, defendant claims that on remand, the trial court erred by reaffirming the imposition of a consecutive sentence on Indictment No. 10-06-1540. Defendant's claim regarding his sentence is barred by Rule 3:22-4.

The rule bars a defendant from raising on PCR a ground for relief that could have been raised at trial or on appeal. State v. Peoples, 446 N.J. Super. 245, 254-55 (App. Div. 2016) (citing State v. Afanador, 151 N.J. 41, 50 (1997)). Rule 3:22-4 provides three exceptions to the procedural bar. None apply to his arguments regarding the sentence.

In view of our decision, we need not consider whether our court rules provide any other procedural bar to the claims that defendant has asserted in his PCR petition.

Defendant also contends he was denied the effective assistance of PCR counsel. We will not address this argument because it was not raised in the PCR court. State v. Robinson, 200 N.J. 1, 20-22 (2009); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). If defendant wishes to assert this claim, he must

file a petition in the Law Division. See R. 3:22-4(b)(2)(C) (allowing claims alleging ineffective assistance of counsel to be raised in a second or subsequent PCR petition).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4615-18T1