**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2003-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARREN E. RICHARDSON,

    Defendant-Appellant.

_____

Submitted May 28, 2025 – Decided June 10, 2025

Before Judges Firko and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Nos. 13-03-0272 and 16-12-1060.

Darren E. Richardson, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Lauren P. Haberstroh, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Darren E. Richardson appeals from a February 2, 2024 order denying his motion to reduce sentence. We affirm.

I.

We summarize the salient facts material to the appeal before us.

The 2013 Indictment

In 2012, the Passaic County Prosecutor's Office (PCPO) Narcotics Task Force received information from several confidential informants (CIs or CI) that defendant was distributing large amounts of cannabis in Passaic, Bergen, and Morris counties. The PCPO's investigation revealed that defendant frequently traveled to California to purchase large quantities of cannabis. He would package the cannabis in suitcases and ship it using Federal Express and United Parcel Service to addresses in Passaic, Bergen, and Morris counties.

In September 2012, a controlled purchase of cannabis from defendant's girlfriend was arranged, who drove a black BMW registered to defendant's half-brother. The PCPO obtained a search warrant and a communications data warrant, which authorized the installation of a tracking device and use of signal monitoring on the BMW.

In October 2012, a CI informed the PCPO that defendant and his girlfriend were traveling to California to purchase more cannabis and ship it to New Jersey.

A-2003-23

The PCPO's investigation led to uncovering a twenty-seven-pound Federal Express package shipped from Irvine, California to New Jersey containing cannabis. The package was uncovered at a self-storage facility located in Wayne. Defendant's girlfriend delivered the package to the self-storage facility and drove the BMW with defendant as a passenger. He was dropped off at the front gate of the self-storage facility.

Detectives wearing badges approached defendant as he opened the BMW trunk, placed a suitcase in it, and closed the trunk. Defendant consented to a search of the BMW, but the detectives nevertheless obtained a search warrant, which led to cannabis being found in the suitcase in the BMW's trunk.

On March 26, 2013, a Passaic County grand jury returned Indictment No. 13-03-0272, charging defendant with five counts of first-degree leader of a narcotics trafficking network for cannabis, N.J.S.A. 2C:35-3 (count one); second-degree conspiracy to distribute a controlled dangerous substance (CDS), N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5(a)(1) and (b)(10) (count two); fourth-degree possession of CDS (over fifty grams of [cannabis]), N.J.S.A. 2C:35-10(a)(3) and N.J.S.A. 2C:2-6 (count three); second-degree possession with intent to distribute (five pounds of [cannabis]), N.J.S.A. 2C:35-5(a)(1), N.J.S.A. 2C:35-5(b)(10) and N.J.S.A. 2C:2-6 (count four); and second-degree possession

with intent to distribute within 500 feet of a public building, N.J.S.A. 2C:35-7.1, N.J.S.A. 2C:35-5(a) and N.J.S.A. 2C:2-6 (count five).

In May 2015, Mahwah police officers responded to a hotel's reporting of cannabis found in a drawer in a guest's room. One of the hotel housekeepers smelled cannabis coming from the dresser area while attempting to clean the room. The housekeeper opened the drawer and saw containers filled with cannabis. The officers detected a cannabis odor in the hallway of the hotel.

Shortly thereafter, defendant arrived and parked in the hotel lot in a grey Chevy Impala. Defendant was going back to his room at the hotel and had a key for the room the guest in question was staying in.

The officers requested consent from defendant to search the Chevy Impala, which he voluntarily gave. The officers observed a pink Brinks key on defendant's key ring. Further investigation revealed the hotel guest had packages delivered to her hotel room, which had a suitcase secured with a Brinks lock. A search warrant was obtained for the guest's hotel room. The search uncovered cannabis, containers with large amounts of concentrated tetrahydrocannabinol (THC) on wax paper, and a digital scale.

4                                                                    A-2003-23

On December 19, 2016, a Passaic County grand jury returned Indictment No. 16-12-1060, charging defendant with eight counts of first-degree possession with intent to distribute (five pounds of hashish), N.J.S.A. 2C:35-5(b) and N.J.S.A. 2C:35-10(a) (count one); fourth-degree possession of CDS (five grams of hashish), N.J.S.A. 2C:35-10(a)(3) (count two); fourth-degree possession of CDS (fifty grams of [cannabis]), N.J.S.A. 2C:35-10(a) (count three); second-degree possession with intent to distribute (five to twenty-five pounds of [cannabis]), N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(10) (count four); first-degree maintaining or operating a CDS production facility, N.J.S.A. 2C:35-4 (count five); first-degree leader of a narcotic trafficking network, N.J.S.A. 2C:35-3 (count six); second-degree financial facilitation of criminal activity (possession of $75,000 to $500,000), N.J.S.A. 2C:21-25(a) (count seven); and second-degree conspiracy to distribute CDS ([cannabis]), N.J.S.A. 2C:5-2(a)(1), N.J.S.A. 2C:35-5(a)(1), and N.J.S.A. 2C:35-5(b)(10) (count eight).

On June 6, 2018, defendant entered into an agreement and pled guilty to count four of the 2013 and 2016 Indictments in exchange for a dismissal of all other counts. The State recommended a custodial term of ten years with a five-year period of parole ineligibility for the 2013 Indictment and a custodial term of nine years with a four-year period of parole ineligibility for the 2016

Indictment. The sentences would run consecutively to one another and concurrently with the nine-year custodial sentence defendant received under Indictment Numbers 15-10-1408 and 17-10-0966,[1] with a mandatory period of four years of parole ineligibility. On September 7, 2018, defendant was sentenced on the 2013 and 2016 Indictments in accordance with the plea agreement.

On February 22, 2021, the Legislature enacted the Cannabis Regulatory Enforcement Assistance and Marketplace Modernization Act (CREAMMA), N.J.S.A. 24:6I-31 to -56, which deals with cannabis use and regulation. On June 10, 2021, Judge Susan J. Steele was temporarily assigned on a statewide basis to handle all joint motions to reduce the mandatory period of parole ineligibility

---

[1] On May 22, 2018, a jury found defendant guilty of four counts of fourth-degree manufacturing, distribution and/or dispensing more than ten ounces of [cannabis] and five grams of hashish, 2C:35-5(b)(12) (count five); fourth-degree possession of CDS, specifically fifty grams of [cannabis] and five grams of hashish, 2C:35-10(a)(3) (count six); third-degree intent to manufacture or distribute CDS, specifically more than ten ounces, but less than five pounds of [cannabis] and more than five grams but than one pound of hashish, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(11) (count seven); and fourth-degree possession of CDS, specifically more than fifty grams of [cannabis] and five grams of hashish, N.J.S.A. 2C:35-10(a)(3) (count nine).

A-2003-23

filed pursuant to Attorney General Law Enforcement Directive No. 2021-4 (Law Enforcement Directive No. 2021-4).[2]

On December 22, 2021, defendant filed a motion to reduce the sentence imposed on the 2013 and 2016 Indictments. On February 8, 2022, defendant and the State filed a joint motion before Judge Steele[3] to vacate the mandatory parole disqualifiers for defendant's convictions, including his 2013 and 2016 Indictments, pursuant to Law Enforcement Directive No. 2021-4. On February 17, 2022, Judge Steele denied the joint motion on the grounds that the filing was not consistent with the approved format for such motions and did "not fulfill the good cause requirement created by the Appellate Division."[4]

---

[2] The Criminal Sentencing and Disposition Commission issued unanimous recommendations to the State to eliminate mandatory minimum sentences for six non-violent drug crimes. Attorney General Law Enforcement Directive No. 2021-4 directs prosecutors to use statutory authority to waive imposing mandatory sentences for those non-violent crimes and establish rules to ensure application of those waivers. Off. of the Att'y Gen., Law Enf't Directive No. 2021-4, Directive Revising Statewide Guidelines Concerning the Waiver of Mandatory Minimum Sentences in Non-Violent Drug Cases Pursuant to N.J.S.A. 2C:35-12 (Apr. 19, 2021).

[3] On January 22, 2022, Judge Steele was continued on judicial recall to handle joint motions to reduce mandatory parole ineligibility terms on a statewide basis.

[4] See State v. Arroyo-Nunez, 470 N.J. 351, 381-82 (App. Div. 2022) (holding that a judge must determine "whether good cause exists for the requested relief,"

On March 22, 2022, both parties filed a second joint motion to vacate the defendant's mandatory parole ineligibility period. On March 25, 2022, Judge Steele granted the joint motion and entered an order amending defendant's sentence to vacate the mandatory period of parole ineligibility and to resentence in part. On April 19, 2022, Judge Steele ultimately amended defendant's sentences to custodial terms of ten years flat under the 2013 Indictment and nine years flat under the 2016 Indictment, to run consecutively to one another. On September 6, 2022, defendant was released on parole.

On September 29, 2022, the trial court issued a briefing schedule for defendant's December 22, 2021 motion to reduce his sentence. The State submitted an opposing brief to defendant's motion. On March 16, 2023, the trial court heard oral argument on defendant's motion to reduce his sentence. The trial court granted defendant's motion and resentenced defendant to a custodial term of six years flat under the 2013 Indictment and five years flat under the 2016 Indictment, with both sentences to run consecutively.

In an oral decision, the trial court acknowledged defendant's motion is governed by Rule 3:21-10. The trial court stated that "defendant has been given

---

using the factors from State v. Johnson, 176 N.J. Super. 1 (App. Div. 1980), as a starting point).

a substantial break because of the change in the statute by Judge Steele, when she reduced or vacated his . . . stip time, leaving him with only flat sentences." The trial court held:

> . . . what happened here was the law was changed two years later, so that what [defendant] was sentenced to would have been a third-degree offense or no stip time at all, which he got the benefit of.
>
> . . . .
>
> On Indictment Number . . . 13 . . . , [the court is] reducing his sentence by [four] years and instead of a [ten]-year flat, it will be a [six]-year flat.
>
> On Indictment Number 16 . . . , [the court is] reducing that sentence by [four] years, and it is now going to be a [five-year] flat. [The sentences] will . . . [run] concurrent with Indictment Number 13 . . . .
>
> . . . the sentences on Indictment Numbers 15-10-1408, 16-01-[0]106, and 17-10-[0]966 remain the same as . . . sentenced by Judge Steele . . . and they will run concurrent with [Indictment] 13 . . . .

A memorializing order and amended judgments of conviction were entered.

The State appealed from the trial court's order reducing defendant's sentence. On September 19, 2023, this court heard oral argument on the State's appeal on the Sentencing Oral Argument (SOA) calendar. We held the sentence was not authorized by law, and the motion to reduce or change the sentence was

untimely pursuant to Rule 3:21-10(a)[5]. We vacated the sentence and remanded the matter to the trial court for imposition of a proper sentence pursuant to Rule 2:10-3.

On February 2, 2024, the trial court conducted oral argument pursuant to our remand. The trial court denied defendant's motion to reconsider sentence because it was untimely. In addition, the trial court reinstated the sentences imposed by Judge Steele: ten years flat on the 2013 Indictment and nine years flat on the 2016 Indictment. A memorializing order was entered.

Defendant appealed from the trial court's February 2, 2024 order denying his motion to reconsider the sentence. On September 17, 2024, this court held oral argument on defendant's appeal on the SOA calendar. Defendant argued the trial court erred by failing to consider aggravating and mitigating factors. We held the matter was not ready for disposition on oral argument without briefs and adjourned the matter for full briefing on a regular plenary calendar.

---

[5] Rule 3:21-10(a) provides that:

> "a motion to reduce or change a sentence shall be filed not later than [sixty] days after the date of the judgment of conviction." The court may reduce or change a sentence, either on motion or on its own initiative, by order entered within [seventy-five] days from the date of the judgment of conviction and not thereafter.

Defendant raises the following issues for our consideration:

POINT ONE

THE PRIOR SOA ORDER DIRECTS THAT THE
TRIAL COURT IMPOSE A PROPER SENTENCE;
AND BECAUSE THERE IS NO SPECIFIC
INSTRUCTION ATTACHED THERETO,
DEFENDANT MUST BE SENTENCED "ANEW"
(raised below).

POINT TWO

AN ILLEGAL SENTENCE MAY NOT BE IGNORED
(not raised below).

II.

Our standard of review of a sentencing decision is well-established and deferential. See State v. Cuff, 239 N.J. 321, 347 (2019). We "must not 'substitute [our] judgment for that of the sentencing court.'" State v. Liepe, 239 N.J. 359, 370 (2019) (quoting State v. Fuentes, 217 N.J. 57, 70 (2014)). Instead, we will affirm a trial court's sentence unless: "(1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record'; or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

11

We apply a de novo review of motions to modify sentencing decisions pursuant to Rule 3:21-10(b) if the issue on appeal is whether the judge applied the correct legal standard. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). If the appeal challenges whether the facts presented to the sentencing judge are sufficient to warrant relief under Rule 3:21-10(b), we apply an abuse of discretion standard. Arroyo-Nunez, 470 N.J. Super. at 376.

Rule 3:21-10 provides, in relevant part, that a motion to reduce or change a sentence may be made at any time to "correct[] a sentence not authorized by law including the Code of Criminal Justice." R. 3:21-10(b)(5). Further, Rule 3:22-2(c) permits a defendant to seek post-conviction relief from an illegal sentence when,

> [i]mposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other grounds cognizable under paragraph (a), (b), or (d) of this rule. Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to [Rule] 3:21-10(b)(5).

However, "a motion [to reduce or change a sentence] may be filed and an order may be entered at any time" if "good cause [is] shown upon the joint application of . . . defendant and prosecut[or.]" R. 3:21-20(b)(3).

Defendant renews his contention that the trial court erred by failing to sentence him as directed by this court's September 19, 2023 order mandating a "proper sentence" be imposed. Defendant contends our September 19, 2023 order does not direct any motion to be reconsidered by the trial court and does not order any specific sentence be imposed on him. Defendant further argues that the trial court failed to re-sentence him and did not state reasons for reinstating Judge Steele's sentence.

Defendant's arguments are unavailing because his motion to reduce sentence was time-barred under Rule 3:21-10(a). The undisputed facts show that on September 7, 2018, defendant was sentenced to a custodial term of ten years with a five-year period of parole ineligibility on the 2013 Indictment and a custodial term of nine years with a four-year period of parole ineligibility on the 2016 Indictment. Defendant waited until December 22, 2021 to file his motion to reduce his sentence on the 2013 and 2016 Indictments—three years beyond the time limit specified in Rule 3:21-10(a); see also State v. Tully, 148 N.J. Super. 558, 562 (App. Div. 1977) (explaining that "the time limitation periods set forth in [Rule 3:21-10(a)] are to be strictly construed and cannot be relaxed in the discretion of a trial judge.")

As the trial court properly concluded, defendant's motion to reconsider his sentence was untimely. Nothing in the record suggests the trial court's decision was inequitable or contrary to the interests of justice. Defendant's judgment of conviction on the 2013 and 2016 Indictments was entered on September 21, 2018, which means he had sixty days to file his motion to reduce sentence or until November 21, 2018. See R. 3:21-10(a). However, defendant did not file his motion until December 22, 2021, more than three years beyond the limit set by Rule 3:21-10(a).

Defendant cites to State v. Randolph for the proposition that he is entitled to a new sentencing hearing contending our September 19, 2023 order did not direct the imposition of a specific sentence. 210 N.J. 330, 351 (2012). Our SOA order was limited in scope. Defendant offers no new information or legal support warranting re-litigation of any sentencing issues. We are convinced the trial court complied with our mandate and imposed a proper sentence by reinstating Judge Steele's judgment of conviction of nineteen years flat.

III.

Next, defendant contends for the first time on appeal that the trial court erred in denying his motion to reduce sentence because the trial court imposed an illegal sentence by reinstating Judge Steele's judgment of conviction. This

issue is not properly before us because defendant failed to present this argument to the trial court. See State v. Holland, 423 N.J. Super. 309, 319 (App. Div. 2011) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Notwithstanding, we add the following comments.

We review the disposition of a motion to correct an illegal sentence de novo. Drake, 444 N.J. Super. at 271. "An illegal sentence that has not been completely served may be corrected at any time without impinging upon double jeopardy principles." State v. Austin, 335 N.J. Super. 486, 494 (App. Div. 2000). "There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (quoting State v. Schubert, 212 N.J. 295, 308 (2012)) (internal quotations omitted). These categories "have been 'defined narrowly.'" Ibid. (quoting State v. Murray, 162 N.J. 240, 246 (2000)).

"[S]entences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Id. at 146. Under Rule 3:21-10(b)(5), "[a] motion may be filed, and an order may be entered at any time . . . correcting a sentence not

authorized by law including the Code of Criminal Justice."  See State v. Zuber, 227 N.J. 422, 437 (2017) ("A defendant may challenge an illegal sentence at any time." (citing R. 3:21-10(b)(5))).  Under Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

Defendant claims that his reinstated sentence from his 2013 and 2016 Indictments of nineteen years flat is "cruel and unusual punishment."  Defendant maintains he had several prior convictions "administratively dismissed" due to the change in cannabis laws.  He also contends that the State's arguments under Rule 3:21-10 were not briefed and properly decided because the State never appealed from any sentencing order.

Defendant offers no meritorious basis for us to conclude that his sentences were not authorized by law under the Code of Criminal Justice to establish a cognizable claim under Rule 3:21-10(b)(5) or Law Enforcement Directive No. 2021-4.  Moreover, defendant was sentenced before our Legislature enacted CREAMMA on February 22, 2021.  N.J.S.A. 24:21-5(e)(10) clearly states that the decriminalization of cannabis would be implemented after the effective date

16

of CREAMMA, which was to be applied prospectively. Therefore, contrary to defendant's contention, CREAMMA has no applicability to the matter at hand. Defendant's sentences were within the range for second-degree possession with intent to distribute. Therefore, his sentence was not illegal.

To the extent that we have not expressly addressed any remaining issues raised by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

17 A-2003-23